UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN 2 8 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

OSMOSE, INC.,

        Plaintiff,

v.                                       Civil Action No. 2:10cv108

ARCH CHEMICALS, INC.,
ARCH WOOD PROTECTION, INC.,
ARCH TREATMENT TECHNOLOGIES, INC.,
COX INDUSTRIES, INC.,
ROCKY TOP BUILDING PRODUCTS, INC., and
MADISON WOOD PRESERVERS, INC.,

        Defendants.

## MEMORANDUM ORDER

This matter is before the court on defendants' motion to stay based on the PTO's grant of an inter partes reexamination and issuance of a "First Office Action" indicating that the Claims 1-29 of the '481 patent are invalid. The instant motion is fully briefed and ripe for review. For the reasons set forth below, the court declines to exercise its broad discretion to stay this matter. Defendants' motion is therefore **DENIED**.

"The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 848-49 (Fed. Cir. 2008) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)). "It is well-settled law that a district court may exercise [such] discretion when ruling on a motion to stay proceedings pending reexamination of the patents-in-suit by the PTO." NTP, Inc. v. Research In Motion, Ltd., 397 F. Supp. 2d 785, 787 (E.D. Va. 2005). However, a district court "is under no obligation to delay its own proceedings

by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." Id. at 787; see Viskase Corp. v. American Nat. Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations.").

Although a court is not obligated to stay a patent infringement case based upon a parallel reexamination, it may opt to do so in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the waste of judicial resources. Notwithstanding such potential benefits, in determining whether to grant what will likely be a multi-year stay, a district court should not lose sight of its "paramount obligation to exercise jurisdiction timely in cases properly before it." Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997); see Sunbeam Products, Inc. v. Hamilton Beach Brands, Inc., No. 3:09cv791, 2010 WL 1946262, at *2 (E.D. Va. May 10, 2010) (unpublished) (quoting American Steamship Owners Mut. Protection and Indem. Ass'n, Inc. v. Lafarge North America, Inc., 474 F. Supp. 2d 474, 488 (S.D.N.Y. 2007)) ("'Judicial efficiency,' a central concern when considering a motion to stay, 'has a temporal component and mandates that the matter be decided at the earliest possible time.'"). In considering the propriety of a stay pending PTO reexamination, district courts consider a variety of factors, including the stage of discovery, whether a trial date has been set, the potential for undue prejudice on the non-moving party, whether a stay will simplify the issues for trial, whether denial of a stay will prejudice the moving party, and the stage of the PTO reexamination process. See, e.g., MercExchange, L.L.C. v. eBay, Inc., 500 F. Supp. 2d 556, 563 (E.D. Va. 2007); Soverain Software LLC v. Amazon.com, Inc., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

Although some district courts justify staying a patent case based on the federal statute

requiring that PTO reexaminations be "conducted with special dispatch," 35 U.S.C. § 305, this court affords minimal weight to such statutory provision as the undeniable reality is that even if the PTO promptly responds to all filings, the parties often request extensions and the reexamination process frequently takes several years to complete. Furthermore, even after the PTO issues a final agency action, the gravity of the stakes in patent disputes often leads to appeals to both the Board of Patent Appeals and Interferences ("BPAI") and federal courts. See, e.g., In re American Academy of Science Tech Center, 367 F.3d 1359, 1362-63 (Fed. Cir. 2004) (affirming the BPAI's claim construction ten years after the request for PTO reexamination was filed).[1] Although the potential length of such process certainly does not bar entry of a stay, it is a consideration that this court takes seriously when exercising its broad discretion.

Here, the PTO reexamination was filed less than six months ago, and the PTO re-examiner has only recently issued a "first office action." It is unclear how many months or years will pass before a final action is issued, and as noted above, that ruling would still be appealable to the BPAI and ultimately the federal courts. As for the instant litigation, the complaint was filed nearly a year ago, a Markman hearing has been conducted, significant discovery has been completed, numerous motions have been filed and addressed by the court, and a trial is scheduled to begin in approximately three months. Furthermore, both parties have already filed partial motions for summary judgment. In addition to such considerations, the court notes that plaintiff alleges large scale and ongoing infringement by defendants, who are purportedly Osmose's chief competitors in the wood-preservation industry. See Tesco Corp. v. Weatherford Int'l, Inc., 599

---

[1] According to recent PTO statistics, the "average pendency" of an inter partes reexamination, which does not appear to include the time it takes to obtain a decision on appeal to the BPAI, is approximately three years. See http://www.uspto.gov/patents/stats/IP_quarterly_report_Sept_2010.pdf.

F. Supp. 2d 848, 851 (S.D. Tex. 2009) ("Where the parties are direct competitors, a stay would likely prejudice the non-movant."). Although Osmose has not filed a motion for a preliminary injunction, the complaint does seek injunctive relief. Osmose therefore might be prejudiced by a multi-year stay that could allow defendants to both continue selling the allegedly infringing products and further increase their market share. Finally, defendants have not established that the denial of a stay will result in undue harm. See Sunbeam Products, 2010 WL 1946262, at *4 (indicating that being required to defend against a suit is not sufficient to establish a "clear case of hardship or inequity," and that "[t]he mere fact that th[e] action will go forward, and that litigating it will cost money, is an insufficient reason to warrant a stay").

Considering the factors discussed above,[2] particularly the early stage in the reexamination process and this court's obligation to timely resolve cases properly before it, the court declines to enter a stay in this case. Defendants' motion to stay is therefore **DENIED**.

The Clerk is **REQUESTED** to send copies of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Jerome B. Friedman
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 28, 2011

---

[2] The court's ruling is based on the factors discussed herein and not based on a finding that defendants are dilatory or that the request for reexamination was filed in an untimely manner.

4